UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-CV-24011-PCH

DIAMOND STAFFING SERVICES INC. d/b/a
CORPORATE RESOURCE SERVICES,

        Plaintiff,
v

DEL MONTE FRESH PRODUCE N.A., INC.,

        Defendant.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, Diamond Staffing Services, Inc. d/b/a Corporate Resource Services ("Diamond") sues Defendant, Del Monte Fresh Produce N.A., Inc., ("Del Monte"), and alleges as follows:

## INTRODUCTION

Diamond is in the business of providing temporary employee staffing services to customers throughout the United States. In 2013, Del Monte and Diamond entered into a Contingency Supply Workforce Agreement whereby Diamond was obligated to provide management and temporary employee staffing at Del Monte's Kankakee, Illinois location. Del Monte subsequently breached the parties' agreement by attempting to coerce Diamond to participate in a scheme to facilitate the illegal employment of unauthorized workers and improperly circumvent the Immigration Reform and Control Act, 8 U.S.C. § 1324a ("IRCA"). Diamond was thereby compelled to terminate the parties' agreement regarding Kankakee. As a result of Del Monte's wrongful and illegal conduct, Diamond has suffered over $600,000 in

damages. Del Monte further violated the parties' agreement regarding Kankakee by failing to pay Diamond for services provided at that location in the amount of $73,000.

Diamond also entered into other Contingency Supply Workforce Agreements with Del Monte in 2013 whereby Diamond was obligated to provide temporary employee staffing at Del Monte's Atlanta, Georgia, Baltimore, Maryland, Boston, Massachusetts, Greensboro, North Carolina, Plant City, Florida and Winder, Georgia locations. Del Monte subsequently breached the parties' agreements by failing to timely pay Diamond for services provided at such locations, which currently total in excess $23,000 for the Atlanta location, $431,000 at the Baltimore location, $218,000 at the Boston location and $167,000 at the Greensboro location, $291,000 at the Plant City location and $28,000 at the Winder location.

## PARTIES

1. Diamond is a corporation organized and registered under the laws of the State of Delaware and has its principal place of business in the State of New York.

2. Upon information and belief, Del Monte is a corporation organized and registered under the laws of the State of Florida, and has its principal place of business in Mulberry, Florida.

## JURISDICTION AND VENUE

3. This is an action for damages in excess of the jurisdictional amount of $75,000, exclusive of reasonable attorney fees, interest and costs, and for declaratory relief in which the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, since the parties are citizens of different states, and 28 U.S.C. § 2201.

4. Venue is proper in this district as Del Monte's acts, omissions and events giving rise to Diamond's causes of action occurred within or were directed to this district. Further, each

of the written agreements described below contains a mandatory venue clause, providing that the venue for any suit, action, or proceeding of any nature whatsoever arising out of, or in any way connected with, such agreement shall lie exclusively in the state or federal courts in and for Miami-Dade County, Florida.

5. All of the conditions precedent to this action have occurred, have been performed, have been waived or otherwise excused.

## GENERAL ALLEGATIONS

6. Diamond is generally engaged in the temporary staffing business.

7. Diamond and Del Monte have had a long-standing business relationship whereby Diamond has provided Del Monte with temporary employees at certain of its locations throughout the United States.

### A.   The Kankakee Agreement.

8. On July 13, 2013, Diamond and Del Monte entered into a Contingency Supply Workforce Agreement ("Kankakee Agreement") related to Del Monte's Kankakee, Illinois location, a copy of which is attached as Exhibit "A."

9. Pursuant to the Kankakee Agreement, Diamond agreed to provide, from time to time, production management services and certain temporary employees at Del Monte's Kankakee location.

10. As to any temporary employees supplied by Diamond, the Kankakee Agreement required that all such employees, and all future hires, be registered and processed through the United States Department of Homeland Security ("DHS") E-Verify Program, confirming their legal right to work in the United States.

11. However, on June 4, 2014, Del Monte demanded that Diamond facilitate Del Monte's use of additional temporary production workers at its Kankakee location who would be supplied by "Premier," a temporary employee staffing service which Del Monte described as "not having the same hiring criteria" as Diamond, i.e., Premier did not register or process its temporary employees through the E-Verify program.

12. Diamond refused to acquiesce to Del Monte's demands since Diamond recognized that the use of Premier employees would result in: (A) the illegal employment of unauthorized workers, (B) an improper circumvention of the Immigration Reform and Control Act ("IRCA"), and (C) potentially trigger devastating indemnification obligations for Diamond under the Kankakee Agreement if it knowingly participated in Del Monte's scheme.

13. After Diamond refused to participate in Del Monte's plan to facilitate the hiring of unauthorized workers, Del Monte retained Premier directly, deployed its non-E-Verified workforce to Kankakee and announced its intention to deduct the cost of such employees from Diamond's invoices.

14. By doing so, Del Monte made it impossible for Diamond to continue to provide any services at Kankakee and, on August 12, 2014, compelled Diamond to exercise its right to terminate the Kankakee Agreement.

15. Del Monte thereby wrongfully denied Diamond the benefits to which it was entitled under the Kankakee Agreement.

16. Del Monte has also subsequently failed and refused to pay Diamond the agreed upon rates for all temporary employees and related services provided by Diamond pursuant to the Kankakee Agreement.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

17.   Del Monte's current outstanding balance due Diamond pursuant to the Kankakee Agreement exceeds $73,000, exclusive of interest.

## B.   The Atlanta Agreement.

18.   On February 4, 2013, Diamond and Del Monte entered into a Contingency Supply Workforce Agreement related to Del Monte's Atlanta, Georgia location ("Atlanta Agreement"), a copy of which is attached as Exhibit "B."

19.   The Atlanta Agreement required Del Monte to pay Diamond certain agreed upon rates at certain specific times for all temporary employees and related services provided by Diamond at Del Monte's Atlanta, Georgia location.

20.   Diamond provided temporary employees and related services to Del Monte at these locations fully in compliance with the terms of the Atlanta Agreement.

21.   Del Monte has failed and refused to timely pay Diamond the agreed upon rates for all temporary employees and related services provided by Diamond pursuant to the Atlanta Agreement.

22.   Del Monte's current outstanding balance due Diamond pursuant to the Atlanta Agreement exceeds $23,000, exclusive of interest.

## C.   The Baltimore Agreement.

23.   On February 4, 2013, Diamond and Del Monte entered into a Contingency Supply Workforce Agreement related to Del Monte's Baltimore, Maryland location ("Baltimore Agreement"), a copy of which is attached as Exhibit "C."

24.   The Baltimore Agreement required Del Monte to pay Diamond certain agreed upon rates at certain specific times for all temporary employees and related services provided by Diamond at Del Monte's Baltimore, Maryland location.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

25. Diamond provided temporary employees and related services to Del Monte at these locations fully in compliance with the terms of the Baltimore Agreement.

26. Del Monte has failed and refused to timely pay Diamond the agreed upon rates for all temporary employees and related services provided by Diamond pursuant to the Baltimore Agreement.

27. Del Monte's current outstanding balance due Diamond pursuant to the Baltimore Agreement exceeds $431,000, exclusive of interest.

### D. The Boston Agreement.

28. On February 4, 2013, Diamond and Del Monte entered into a Contingency Supply Workforce Agreement related to Del Monte's Boston, Massachusetts location ("Boston Agreement"), a copy of which is attached as Exhibit "D."

29. The Boston Agreement required Del Monte to pay Diamond certain agreed upon rates at certain specific times for all temporary employees and related services provided by Diamond at Del Monte's Boston, Massachusetts location.

30. Diamond provided temporary employees and related services to Del Monte at these locations fully in compliance with the terms of the Boston Agreement.

31. Del Monte has failed and refused to timely pay Diamond the agreed upon rates for all temporary employees and related services provided by Diamond pursuant to the Boston Agreement.

32. Del Monte's current outstanding balance due Diamond pursuant to the Boston Agreement exceeds $218,000, exclusive of interest.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

### E. The Greensboro Agreement.

33. On February 4, 2013, Diamond and Del Monte entered into a Contingency Supply Workforce Agreement related to Del Monte's Greensboro, North Carolina location ("Greensboro Agreement"), a copy of which is attached as Exhibit "E."

34. The Greensboro Agreement required Del Monte to pay Diamond certain agreed upon rates at certain specific times for all temporary employees and related services provided by Diamond at Del Monte's Greensboro, North Carolina location.

35. Diamond provided temporary employees and related services to Del Monte at these locations fully in compliance with the terms of the Greensboro Agreement.

36. Del Monte has failed and refused to timely pay Diamond the agreed upon rates for all temporary employees and related services provided by Diamond pursuant to the Greensboro Agreement.

37. Del Monte's current outstanding balance due Diamond pursuant to the Greensboro Agreement exceeds $167,000, exclusive of interest.

### F. The Plant City Agreement.

38. On February 4, 2013, Diamond and Del Monte entered into a Contingency Supply Workforce Agreement related to Del Monte's Plant City, Florida location ("Plant City Agreement"), a copy of which is attached as Exhibit "F."

39. The Plant City Agreement required Del Monte to pay Diamond certain agreed upon rates at certain specific times for all temporary employees and related services provided by Diamond at Del Monte's Plant City, Florida location.

40. Diamond provided temporary employees and related services to Del Monte at these locations fully in compliance with the terms of the Plant City Agreement.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

41. Del Monte has failed and refused to timely pay Diamond the agreed upon rates for all temporary employees and related services provided by Diamond pursuant to the Plant City Agreement.

42. Del Monte's current outstanding balance due Diamond pursuant to the Plant City Agreement exceeds $291,000, exclusive of interest.

### G.     The Winder Agreement.

43. On February 4, 2013, Diamond and Del Monte entered into a Contingency Supply Workforce Agreement related to Del Monte's Winder, Georgia location ("Winder Agreement"), a copy of which is attached as Exhibit "G."

44. The Winder Agreement required Del Monte to pay Diamond certain agreed upon rates at certain specific times for all temporary employees and related services provided by Diamond at Del Monte's Winder, Georgia location.

45. Diamond provided temporary employees and related services to Del Monte at these locations fully in compliance with the terms of the Winder Agreement.

46. Del Monte has failed and refused to timely pay Diamond the agreed upon rates for all temporary employees and related services provided by Diamond pursuant to the Winder Agreement.

47. Del Monte's current outstanding balance due Diamond pursuant to the Winder Agreement exceeds $28,000, exclusive of interest.

## COUNT I

## BREACH OF CONTRACT – THE KANKAKEE AGREEMENT (PART 1)

48. Diamond hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 1-47 as if fully set forth herein.

49. The Kankakee Agreement was a valid contract between the parties.

50. Every contract, including the Kankakee Agreement, carries with it the implied provision that the parties act in accordance with the principles of good faith and fair dealing.

51. Compliance with all state and federal laws is an implicit provision of every contract, including the Kankakee Agreement.

52. Del Monte violated the implied covenant of good faith and fair dealing, which was a part of the Kankakee Agreement, by seeking to wrongfully compel Diamond to participate in its illegal scheme to facilitate the employment of unauthorized workers and improperly circumvent the IRCA.

53. By doing so, Del Monte made it impossible for Diamond to continue to provide any services at Kankakee, compelled Diamond to exercise its right to terminate the Kankakee Agreement and thereby wrongfully denied Diamond the benefits to which it was entitled under the Kankakee Agreement.

54. Diamond has incurred or will incur, and is entitled to recover in excess of $600,000 in damages caused by Del Monte's breach, including, but not limited to, lost profits and lost investment opportunities, as well as incidental and consequential damages.

ACCORDINGLY, Diamond respectfully requests judgment against Del Monte for damages in excess of $600,000, costs, interest and for such other and further relief as may be deemed just and proper by this Court.

## COUNT II

## BREACH OF CONTRACT - KANKAKEE AGREEMENT (PART 2)

55. Diamond hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 1-54 as if fully set forth herein.

56.     Del Monte has breached its obligations pursuant to the Kankakee Agreement by failing and refusing to timely pay Diamond for temporary employees and related services provided by Diamond at Del Monte's Kankakee location.

57.     Del Monte presently owes Diamond an amount in excess of $73,000, exclusive of accrued interest, for temporary employees and related services provided by Diamond pursuant to the Kankakee Agreement.

58.     Diamond has incurred or will incur damages as a result of Del Monte's breach of the Kankakee Agreement, including, but not limited to, the amount of the unpaid invoices and lost investment opportunities, as well as incidental and consequential damages.

59.     Pursuant to Section X of the Kankakee Agreement, Diamond shall also be entitled to an award of reasonable attorneys' fees and costs as a component of its damages.

ACCORDINGLY, Diamond respectfully requests judgment against Del Monte for damages in excess of $73,000, plus reasonable attorneys' fees, costs, and interest, and for such other and further relief as may be deemed just and proper by this Court.

## COUNT III

## BREACH OF CONTRACT - ATLANTA AGREEMENT

60.     Diamond hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 1-59 as if fully set forth herein.

61.     Del Monte has breached its obligations pursuant to the Atlanta Agreement by failing and refusing to timely pay Diamond for temporary employees and related services provided by Diamond at Del Monte's Atlanta location.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

62. Del Monte presently owes Diamond an amount in excess of $23,000, exclusive of accrued interest, for temporary employees and related services provided by Diamond pursuant to the Atlanta Agreement.

63. Diamond has incurred or will incur damages as a result of Del Monte's breach of the Atlanta Agreement, including, but not limited to, the amount of the unpaid invoices and lost investment opportunities, as well as incidental and consequential damages.

64. Pursuant to Section X of the Atlanta Agreement, Diamond shall also be entitled to an award of reasonable attorneys' fees and costs as a component of its damages.

ACCORDINGLY, Diamond respectfully requests judgment against Del Monte for damages in excess of $23,000, plus reasonable attorneys' fees, costs, and interest, and for such other and further relief as may be deemed just and proper by this Court.

## COUNT IV

## BREACH OF CONTRACT - BALTIMORE AGREEMENT

65. Diamond hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 1-64 as if fully set forth herein.

66. Del Monte has breached its obligations pursuant to the Baltimore Agreement by failing and refusing to timely pay Diamond for temporary employees and related services provided by Diamond at Del Monte's Baltimore location.

67. Del Monte presently owes Diamond an amount in excess of $431,000, exclusive of accrued interest, for temporary employees and related services provided by Diamond pursuant to the Baltimore Agreement.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

68. Diamond has incurred or will incur damages as a result of Del Monte's breach of the Baltimore Agreement, including, but not limited to, the amount of the unpaid invoices and lost investment opportunities, as well as incidental and consequential damages.

69. Pursuant to Section X of the Baltimore Agreement, Diamond shall also be entitled to an award of reasonable attorneys' fees and costs as a component of its damages.

ACCORDINGLY, Diamond respectfully requests judgment against Del Monte for damages in excess of $431,000, plus reasonable attorneys' fees, costs, and interest, and for such other and further relief as may be deemed just and proper by this Court.

## COUNT V

## BREACH OF CONTRACT - BOSTON AGREEMENT

70. Diamond hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 1-64 as if fully set forth herein.

71. Del Monte has breached its obligations pursuant to the Boston Agreement by failing and refusing to timely pay Diamond for temporary employees and related services provided by Diamond at Del Monte's Boston location.

72. Del Monte presently owes Diamond an amount in excess of $218,000, exclusive of accrued interest, for temporary employees and related services provided by Diamond pursuant to the Boston Agreement.

73. Diamond has incurred or will incur damages as a result of Del Monte's breach of the Boston Agreement, including, but not limited to, the amount of the unpaid invoices and lost investment opportunities, as well as incidental and consequential damages.

74. Pursuant to Section X of the Boston Agreement, Diamond shall also be entitled to an award of reasonable attorneys' fees and costs as a component of its damages.

ACCORDINGLY, Diamond respectfully requests judgment against Del Monte for damages in excess of $218,000, plus reasonable attorneys' fees, costs, and interest, and for such other and further relief as may be deemed just and proper by this Court.

## COUNT VI

## BREACH OF CONTRACT - GREENSBORO AGREEMENT

75. Diamond hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 1-74 as if fully set forth herein.

76. Del Monte has breached its obligations pursuant to the Greensboro Agreement by failing and refusing to timely pay Diamond for all the temporary employees and related services provided by Diamond at Del Monte's Greensboro location.

77. Del Monte presently owes Diamond an amount in excess of $167,000, exclusive of accrued interest, for temporary employees and related services provided by Diamond pursuant to the Greensboro Agreement.

78. Diamond has incurred or will incur damages as a result of Del Monte's breach of the Greensboro Agreement, including, but not limited to, the amount of the unpaid invoices and lost investment opportunities, as well as incidental and consequential damages.

79. Pursuant to Section X of the Greensboro Agreement, Diamond shall also be entitled to an award of reasonable attorneys' fees and costs as a component of its damages.

ACCORDINGLY, Diamond respectfully requests judgment against Del Monte for damages in excess of $167,000, plus reasonable attorneys' fees, costs, and interest, and for such other and further relief as may be deemed just and proper by this Court.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

## COUNT VII

## BREACH OF CONTRACT – PLANT CITY AGREEMENT

80. Diamond hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 1-79 as if fully set forth herein.

81. Del Monte has breached its obligations pursuant to the Plant City Agreement by failing and refusing to timely pay Diamond for all the temporary employees and related services provided by Diamond at Del Monte's Greensboro location.

82. Del Monte presently owes Diamond an amount in excess of $291,000, exclusive of accrued interest, for temporary employees and related services provided by Diamond pursuant to the Plant City Agreement.

83. Diamond has incurred or will incur damages as a result of Del Monte's breach of the Greensboro Agreement, including, but not limited to, the amount of the unpaid invoices and lost investment opportunities, as well as incidental and consequential damages.

84. Pursuant to Section X of the Plant City Agreement, Diamond shall also be entitled to an award of reasonable attorneys' fees and costs as a component of its damages.

ACCORDINGLY, Diamond respectfully requests judgment against Del Monte for damages in excess of $291,000, plus reasonable attorneys' fees, costs, and interest, and for such other and further relief as may be deemed just and proper by this Court.

## COUNT VIII

## BREACH OF CONTRACT - WINDER AGREEMENT

85. Diamond hereby re-alleges, re-asserts and incorporates by reference the allegations set forth in Paragraphs 1-84 as if fully set forth herein.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD., SUITE 1800 • FT. LAUDERDALE, FL  33301
TELEPHONE (954) 987-7550

86. Del Monte has breached its obligations pursuant to the Winder Agreement by failing and refusing to timely pay Diamond for temporary employees and related services provided by Diamond at Del Monte's Winder location.

87. Del Monte presently owes Diamond an amount in excess of $28,000, exclusive of accrued interest, for temporary employees and related services provided by Diamond pursuant to the Winder Agreement.

88. Diamond has incurred or will incur damages as a result of Del Monte's breach of the Winder Agreement, including, but not limited to, the amount of the unpaid invoices and lost investment opportunities, as well as incidental and consequential damages.

89. Pursuant to Section X of the Winder Agreement, Diamond shall also be entitled to an award of reasonable attorneys' fees and costs as a component of its damages.

ACCORDINGLY, Diamond respectfully requests judgment against Del Monte for damages in excess of $28,000, plus reasonable attorneys' fees, costs, and interest, and for such other and further relief as may be deemed just and proper by this Court.

                                      Respectfully submitted,

                                      BECKER & POLIAKOFF, P.A.
                                      Attorneys for Plaintiff
                                      1 East Broward Blvd., Suite 1800
                                      Ft. Lauderdale, FL  33312
                                      (954) 987-7550 (telephone)
                                      (954) 985-4176 (facsimile)

                              By:  /s/  Allen M. Levine_____
                                    Allen M. Levine
                                    Florida Bar No. 315419

ACTIVE: 6430983_1