UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:14-CV-24011-PCH

DIAMOND STAFFING SERVICES INC. d/b/a
CORPORATE RESOURCE SERVICES,

        Plaintiff,
v.

DEL MONTE FRESH PRODUCE N.A., INC.,

        Defendant.
_____/

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Del Monte Fresh Produce N.A., Inc. ("Del Monte") answers, pursuant to Federal Rule of Civil Procedure 12, the first amended complaint ("the complaint") of plaintiff Diamond Staffing Services Inc. ("Diamond") in the following correspondingly-numbered paragraphs.

    1.    Admitted that, according to the Florida Secretary of State's records, Diamond is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of New York.

    2.    Admitted that Del Monte is incorporated in the state of Florida, but denied that its principal place of business is in Mulberry, Florida.

    3.    Admitted that this purports to be an action within the diversity jurisdiction of this Court, but denied that Diamond is entitled to the relief it seeks.

    4.    Admitted.

    5.    Denied.

6. Admitted that, as relates to this action, Diamond is engaged in the business of providing and supervising workers and supervisors to companies such as Del Monte pursuant to the terms of agreements between the companies.

7. Admitted that Diamond has in the past provided Del Monte with workers and supervisors at certain of Del Monte's locations in the United States.

8. Admitted that Del Monte and Diamond and its subsidiaries entered a Contingent Workforce Supply Agreement dated as of July 13, 2013 related to Del Monte's Kankakee, Illinois location and that a copy of the agreement ("the Kankakee Agreement") is attached to the complaint as Exhibit A.

9. Admitted that, pursuant to the Agreement, Diamond was obligated to provide and supervise qualified and competent workers and supervisors to Del Monte, as more fully set out in the Kankakee Agreement.

10. Admitted that, pursuant to the Kankakee Agreement, Diamond agreed to provide production workers that, among other things, were eligible to seek and accept employment in the United States under all applicable federal, state, and local laws, rules, regulations, and was obligated to provide confirmation to Del Monte, prior to commencement of work, that each worker had been registered under, and processed through, the E-Verify Program of the Department of Homeland Security, as more fully set out in the Kankakee Agreement.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Del Monte and Diamond and its subsidiaries entered a Contingent Workforce Supply Agreement dated as of February 4, 2013 related to Del Monte's Atlanta, Georgia location ("the Atlanta Agreement"), but denied that a copy of the Atlanta Agreement is attached to the complaint as Exhibit B.

19. Admitted that the Atlanta Agreement provided Del Monte pay certain sums to Diamond provided that Diamond fully perform its obligations, but that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

20. Admitted, but affirmatively asserted that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

21. Denied.

22. Denied.

23. Admitted that Del Monte and Diamond and its subsidiaries entered a Contingent Workforce Supply Agreement dated as of February 4, 2013 related to Del Monte's Baltimore, Maryland location ("the Baltimore Agreement"), but denied that a copy of the Baltimore Agreement is attached to the complaint as Exhibit C.

24. Admitted that the Baltimore Agreement provided Del Monte pay certain sums to Diamond provided that Diamond fully perform its obligations but that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

25. Admitted, but affirmatively asserted that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

26. Denied.

27. Denied.

28. Admitted that Del Monte and Diamond and its subsidiaries entered a Contingent Workforce Supply Agreement dated as of February 4, 2013 related to Del Monte's Boston, Massachusetts location ("the Boston Agreement"), but denied that a copy of the Baltimore Agreement is attached to the complaint as Exhibit D.

29. Admitted that the Boston Agreement provided Del Monte pay certain sums to Diamond provided that Diamond fully perform its obligations but that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

30. Admitted, but affirmatively asserted that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

31. Denied.

32. Denied.

33. Admitted that Del Monte and Diamond and its subsidiaries entered a Contingent Workforce Supply Agreement dated as of February 4, 2013 related to Del Monte's Greensboro, North Carolina location ("the Greensboro Agreement"), but denied that a copy of the Greensboro Agreement is attached to the complaint as Exhibit E.

34. Admitted that the Greensboro Agreement provided Del Monte pay certain sums to Diamond provided that Diamond fully perform its obligations but that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

35. Admitted, but affirmatively asserted that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

36. Denied.

37. Denied.

38. Admitted that Del Monte and Diamond and its subsidiaries entered a Contingent Workforce Supply Agreement dated as of February 4, 2013 related to Del Monte's Plant City, Florida location ("the Plant City Agreement"), but denied that a copy of the Plant City Agreement is attached to the complaint as Exhibit F.

39. Admitted that the Plant City Agreement provided Del Monte pay certain sums to Diamond provided that Diamond fully perform its obligations but that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

40. Admitted, but affirmatively asserted that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

41. Denied.

42. Denied.

43. Admitted that Del Monte and Diamond and its subsidiaries entered a Contingent Workforce Supply Agreement dated as of February 4, 2013 related to Del Monte's Winder, Georgia location ("the Winder Agreement"), but denied that a copy of the Winder Agreement is attached to the complaint as Exhibit G.

44. Admitted that the Winder Agreement provided Del Monte pay certain sums to Diamond provided that Diamond fully perform its obligations but that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

45. Admitted, but affirmatively asserted that Del Monte's obligation to pay also was subject to other agreements, including set-off agreements, between Diamond and Del Monte.

46. Denied.

5

47. Denied.

48. The responses to paragraphs 1 through 47 are re-alleged.

49. Admitted.

50. Improperly asserts a conclusion of law rather than alleging facts or evidentiary matter and denied on that basis.

51. Improperly asserts a conclusion of law rather than alleging facts or evidentiary matter.

52. Denied.

53. Denied.

54. Denied.

55. The responses to paragraphs 1 through 54 are re-alleged.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. The responses to paragraphs 1 through 59 are re-alleged.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. The responses to paragraphs 1 through 64 are re-alleged.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. The responses to paragraphs 1 through 64 are re-alleged.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. The responses to paragraphs 1 through 74 are re-alleged.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. The responses to paragraphs 1 through 79 are re-alleged.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. The responses to paragraphs 1 through 84 are re-alleged.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## First Affirmative Defense

Diamond has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Diamond has failed to join indispensable parties.

### Third Affirmative Defense

Del Monte has a right of set-off with respect to any amounts owed under the various agreements.

### Fourth Affirmative Defense

Any actions taken by Del Monte in contravention of any of the agreements were the result of, or necessitated by, Diamond's failure to properly perform its obligations under the agreements.

### Fifth Affirmative Defense

Diamond's claims are barred by its own improper conduct, including its failure to act in good faith.

### Sixth Affirmative Defense

Any damages suffered by Diamond are the result of its own actions.

### Seventh Affirmative Defense

Any breach of an agreement by Del Monte is excused by Diamond's prior, material breach of the agreement.

Dated:  December 9, 2014                    Respectfully submitted,

**BOIES, SCHILLER & FLEXNER LLP**
*Attorneys for Defendant*

By: /s/ Carlos M. Sires
    Carlos M. Sires, Esq.
    (Florida Bar No. 319333)
    Travis Robert-Ritter, Esq.
    (Florida Bar No. 103936)
    401 East Las Olas Boulevard, Suite 1200
    Fort Lauderdale, Florida 33301
    Telephone: (954) 356-0011
    Facsimile:  (954) 356-0022
    Email:  csires@bsfllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day of December 9, 2014, I caused a true and correct copy of the foregoing Answer to First Amended Complaint to be served by CM/ECF on all parties listed to receive electronic service for this case.

By:＿＿＿Carlos M. Sires＿＿＿＿＿
　　　Carlos M. Sires, Esq.