**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:14-CV-24011-CMA**

DIAMOND STAFFING SERVICES INC. d/b/a
CORPORATE RESOURCE SERVICES,

        Plaintiff,

v.

DEL MONTE FRESH PRODUCE N.A., INC.,

        Defendant.
_____/

**JOINT PRETRIAL CONFERENCE REPORT**

The parties, through counsel, hereby state that they conferred on Monday, January 11, 2015, pursuant to Local Rule 16.1(b)(2) and for the purposes prescribed by Fed. R. Civ. P. 26(f), and report as follows:

    **A.**    **Case Management Track**

The parties agree that this case is appropriately designated as a standard track case requiring three (3) to ten (10) days of trial, and therefore, should be placed on the "Standard Track," in accordance with Local Rule 16.1(a)(2)(B).

    **B.**    **Likelihood of Settlement**

The parties agree that settlement is unlikely at this time.

    **C.**    **Likelihood of Appearance of Additional Parties**

The parties do not anticipate the joinder of additional parties at this time.

D. **Proposed Limits on time:**

    (i) <u>To join other parties and to amend the pleadings</u>:

    February 14, 2015

    (ii) <u>To complete all discovery</u>:

    October 14, 2015

    (iii) <u>To file and hear motions</u>:

    December 14, 2015

E. **Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f)**

    (i) <u>Rule 26(a)(1) Disclosures</u>:

    February 3, 2015

    (ii) <u>Subjects on which discovery may be needed</u>:

    The issues stated in the Complaint, Answer and Affirmative Defenses that remain after any rulings by the Court.

    (iii) <u>Discovery completion</u>:

    October 14, 2015

    (iv) <u>Whether discovery should be conducted in phases or be limited to or focused upon particular issues</u>:

    The parties agree discovery need not be completed in phases or limited to or focused upon particular issues.

    (v) <u>Issues about disclosure or discovery of electronically stored information</u>:

    With respect to electronically-stored information, where feasible, the parties shall discuss the proper format for producing such information.

    (vi) <u>Any issues about claims of privilege or of protection as trial preparation materials</u>:

    None at this time.

> (vii) The need for variance from the discovery limitations imposed by the Federal Rules and/or Local Rules:
>
> The parties agreed that it will be necessary to exceed the 10 deposition limitation imposed by Fed. R. Civ. P. 30(a)(2), in view of the number of witnesses who are believed to have discoverable information. The parties respectfully request that this Court allow each side to take up to 15 depositions, not including experts.
>
> The parties agreed it will be necessary to exceed the 25 interrogatory limitation imposed by Fed. R. Civ. P. 33(a)(1), in view of the factual issues concerning the nature of the parties' respective industries: tomato growing/processing in the case of Plaintiff, and temporary staffing services in the case of Defendant. The parties respectfully request that this Court allow each side to propound up to 40 interrogatories, inclusive of all subparts.
>
> The parties agreed that requests for admission shall be limited to fifty (50) per side.

**F.      Proposals for Formulation and Simplification of Issues**

None at this time, although the parties agree to, throughout the case, seek simplification of the issues by way of stipulation, admissions, and discovery.

**G.      Necessity or Desirability for Amendment to Pleadings**

The parties do not anticipate the need to amend the pleadings.

**H.      Avoidance of Unnecessary Proof, Stipulations Regarding Authenticity, and Need for Advance Rulings from the Court on Admissibility of Evidence**

The parties agree that following the close of discovery they will likely be able to stipulate to certain facts and the authenticity of certain documents and thereby avoid unnecessary proof at trial.

**I.     Suggestions for the Avoidance of Unnecessary Proof
        and of Cumulative Evidence**

The parties agree to endeavor to avoid unnecessary proof and cumulative evidence through stipulation, requests for admission and through pre-trial conference with the Court and/or appropriate motions *in limine*.

**J.     Suggestions on the Advisability of Referring Matters
        to a Magistrate Judge or Master**

The parties agree on the referral of all discovery matters to a magistrate judge.

**K.     Preliminary Estimate on Time for Trial**

Trial time is very difficult to estimate at this juncture; however, the parties believe that a reasonable estimate of trial time would be 5-10 days in view of the large number of contracts sued upon.

**L.     Requested Dates for Conferences Before Trial,
        Final Pretrial Conference, and Trial**

The parties request a pre-trial conference date of on or after January 29, 2016.  In addition, the parties request that this trial be scheduled on or after February 15, 2016.

**M.     Any Other Information That Might Be Helpful to the Court**

None at this time.

Dated: January 14, 2015

| | |
|---|---|
| BECKER & POLIAKOFF, P.A. | BOIES, SCHILLER & FLEXNER LLP |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1 East Broward Blvd., Suite 1800 | 401 E. Las Olas Boulevard, Ste. 1200 |
| Ft. Lauderdale, Florida 33301 | Fort Lauderdale, Florida 33301 |
| Telephone: (954) 987-7550 | Telephone: (954) 356-0011 |
| Facsimile: (954) 985-4176 | Facsimile: (954) 356-0022 |
| E-mail: alevine@bplegal.com | E-mail: csires@bsfllp.com |
| | |
| By: */s/ Allen M. Levine* | By: */s/ Carlos M. Sires* |
| Allen M. Levine | Carlos M. Sires |
| Florida Bar No. 315419 | Florida Bar No. 319333 |